ESTADO LIBRE ASOCIADO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AGUSTÍN MANGUAL, JUEZ, demandado; ANA LUISA MORALES RODRÍGUEZ, JULIO MARTÍNEZ RIVERA, interventores.

*Número:* O-75-177          *Resuelto:* 25 de septiembre de 1975

*Miriam Naveira de Rodón, Procuradora General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogadas del peticionario; *María E. Medina Pérez* y *Antonio Sanz Ortega,* abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de una demanda en daños contra el Estado. Gira el caso sobre la aplicación de la Ley de Reclamaciones y Demandas Contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3077 y ss., y especialmente sobre el Art. 2A de dicha ley, 32 L.P.R.A. sec. 3077a.

Mientras Ana Luisa Morales lavaba ropa en su casa el rolo de la máquina le pilló una mano. Concurrió al Centro de Salud Pública de Bayamón, en donde fue tratada. Posteriormente ella y su esposo demandaron al Estado por alegada mala práctica médica.

Al demandar incumplieron con la citada disposición de ley—el Art. 2A—la cual exige que las reclamaciones contra el Estado deben notificarse por escrito al Secretario de Justicia y deben informarse los pormenores que allí se mencionan. Más adelante será necesario ver en detalle esa disposición.

Oportunamente el Estado planteó la cuestión en el tribunal de instancia y solicitó la desestimación de la demanda contra el Estado. Un Juez Superior, mediante Sentencia de

4 de octubre de 1971 declaró con lugar la referida moción y desestimó la demanda. Posteriormente, en reconsideración, otro Juez Superior, mediante Resolución de 26 de febrero de 1975 declaró sin lugar la moción de desestimación del Estado y dejó sin efecto la anterior Sentencia. Se basó este segundo magistrado en que los demandantes habían notificado al Secretario de Salud de la reclamación contra el Estado y concluyó que eso era suficiente.

Recurrió ante nos el Procurador General y en 18 de abril de 1975 expedimos Orden de Mostrar Causa por la cual no se debía revocar la Resolución recurrida. Comparecieron los interventores en apoyo de la resolución recurrida pero sus planteamientos no nos han persuadido. Nos explicamos a continuación.

■ Mediante la citada ley que autorizó las demandas contra el Estado, la Asamblea Legislativa estableció ciertas condiciones para proteger al Gobierno de sorpresas y fraudes. Así, por ejemplo, interpretando una disposición muy parecida de la Ley Municipal, dijimos en *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963) a la pág. 494, lo siguiente:

"Los estatutos que requieren una notificación a los municipios como requisito previo a la iniciación de acción judicial en resarcimiento de daños y perjuicios responden a los propósitos de 1—proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2—desalentar las reclamaciones infundadas; 3—propiciar un pronto arreglo de las mismas; 4—permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5—descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6—advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y 7—mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado."

En la página siguiente añadimos: "La notificación es una parte esencial de la causa de acción y, a menos que se cumpla con la misma, no existe el derecho a demandar."

Como en el caso de autos se argumenta que la notificación al Secretario de Salud suplió la notificación al Secretario de Justicia, debemos examinar la disposición de ley aquí concernida. En lo pertinente, dispone el citado Art. 2A de la mencionada Ley Núm. 104:

"(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar *al Secretario de Justicia* una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.

(b) Dicha notificación se entregará *al Secretario de Justicia* remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación escrita se presentará *al Secretario de Justicia* dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad." (Bastardillas nuestras.)

Insistiendo en lo anterior, más adelante dispone también dicho Art. 2A que no podrá iniciarse acción judicial alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita *en la forma y manera* y dentro de los plazos prescritos en este artículo, a menos que no haya mediado justa causa para ello.

▉▉▉ Es claro hasta la saciedad que el legislador dispuso que el funcionario a ser notificado de reclamaciones y demandas contra el Estado sea el Secretario de Justicia, quien es, en última instancia, el abogado del Gobierno. Es tan inútil notificar de un pleito contra el Gobierno al Secretario de Salud como lo sería notificar al Secretario de Justicia de los síntomas de una enfermedad. Ya en *Escambrón Development Corp.* v. *E.L.A.*, 82 D.P.R. 685 (1961) y en *Jiménez* v. *Pueblo*, 83 D.P.R. 201 (1961), hemos resuelto adversamente para los interventores la cuestión. Allí resolvimos que estatutos como el aquí concernido son de cumplimiento estricto.

Por último, debemos aclarar que nuestra decisión en *García Colón* v. *Srio. de Hacienda*, 99 D.P.R. 779 (1971), es distinguible del caso de autos y no controla la situación de este caso. *En García Colón*, supra, determinamos que:

"[D]esde los comienzos de esta acción el Secretario de Justicia quedó enterado de la misma y participó activamente en los trámites del caso en el tribunal de instancia. Solicitó una enmienda a la resolución del tribunal que disponía del caso para que se aclarase lo relativo a la práctica administrativa del Negociado de la Lotería en casos de billetes extraviados y no pagados. Llegó hasta a solicitar del tribunal de instancia una copia certificada de la sentencia 'a los fines de que el Departamento de Hacienda pudiese proceder al pago' de la misma."

*Se expedirá el recurso, se dejará sin efecto la Resolución del Tribunal Superior de 26 de febrero de 1975 y se desestimará la demanda.*

El Señor Juez Presidente concurre en el resultado.