**John Thomas AZURE, Plaintiff,**

v.

**UNITED STATES of America HEALTH AND HUMAN SERVICES, Public Health Services.**

**No. CV–90–068–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Jan. 31, 1991.

William L. Burns, Peterson, Peterson, Burns and Shors, Cut Bank, Monte D. Beck, Beck Law Offices, Bozeman, Mont. for plaintiff.

George Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for defendants.

Lawrence A. LaFountain, Montana Legal Services, Havre, Mont., for third-party defendant Kelly Bull Child.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

### BACKGROUND

The plaintiff prosecutes this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671 *et seq.*, seeking monetary compensation for personal injuries allegedly sustained by the plaintiff as a result of negligence on the part of the United States of America, acting through the Departments of Health and Human Services and Public Health Services. The case emanates from a vehicular mishap in which the plaintiff, John Thomas Azure, was injured when the vehicle in which he was a passenger, and which was being driven by one Kelly Bull Child, overturned. Azure alleges he sustained bodily injury, including a severe brain injury, as a proximate result of the vehicle striking a stop sign constructed and installed by the United States of America. Azure claims the negligent construction and installation of the stop sign was a proximate cause of the mishap and, hence, his injuries. The matter is before the court upon motion of the United States of America, filed pursuant to Fed.R. Civ.P. 14(a), requesting leave of court to implead Kelly Bull Child, the driver of the vehicle, for the purpose of obtaining contribution or indemnity from Bull Child for all or part of Azure's claim against the Government pursuant to Mont.Code Ann. § 27–1–703(4) (1987).[1]

Azure objects to the impleader sought by the Government upon four alternate grounds: (1) any negligence on the part of Bull Child was not a proximate cause of the injuries sustained by Azure; (2) the claim for contribution against the driver will un-

necessarily confuse the issues presented by the plaintiff's complaint; (3) there exists no substantive basis upon which the claim for contribution is made because the driver is indigent and without insurance; and (4) jurisdiction over the Government's third-party action against the driver properly lies with the Tribal Court of the Blackfeet Indian Reservation.

Having considered the merits of the arguments advanced by Azure regarding the propriety of allowing the Government to implead Bull Child pursuant to Fed.R. Civ.P. 14(a), the court is compelled to DENY Azure's motion, and allow the order granting the Government leave to implead Bull Child to stand.

### DISCUSSION

#### A. *Proximate Cause*

Where the United States of America is sued under the Federal Tort Claims Act, it may, as a third-party plaintiff, implead a person who "is or may be liable" to it for all or part of the claim asserted by the plaintiff against the United States. *See, United States v. Yellow Cab Co.*, 340 U.S. 543, 551–552, 71 S.Ct. 399, 405, 95 L.Ed. 523 (1951) (*citing*, 3 MOORE'S FEDERAL PRACTICE (2nd ed. 1948) 507 *et seq.*); *see also, Barron v. United States*, 654 F.2d 644 (9th Cir.1981); *Palmer v. United States*, 652 F.2d 893 (9th Cir.1981); *Porto Rico Gas & Coke Co. v. Frank Rulen & Associates, Inc.*, 189 F.2d 397 (1st Cir.1951); *Lee v. Yee*, 643 F.Supp. 593 (D.Hawaii 1986), *aff'd sub nom., United States v. State of Hawaii*, 832 F.2d 1116 (9th Cir.1987). The right to contribution or indemnity of the Government in impleader is, of course, determined by local law. *See, Barron v. United States*, 654 F.2d at 648–49. The procedural aspects of accomplishing the impleader is controlled by Fed.R. Civ.P. 14, which governs third-party practice. *United States v. Yellow Cab Co.*, 340 U.S. at 553, 71 S.Ct. at 406.

---

1. Mont.Code Ann. § 27–1–703(4) (1987) provides in pertinent part:

 (4) On motion of any party against whom a claim is asserted for negligence resulting in death or injury to person or property, any

other person whose negligence may have contributed as a proximate cause to the injury complained of may be joined as an additional party to the action.

Two of the objections voiced by Azure are substantive in nature: First, Azure suggests the conduct of Bull Child in the operation of the vehicle was not a "proximate cause" of Azure's injuries. Second, Azure asserts the Government has no "substantive basis" upon which to claim contribution. Recognizing the law of Montana controls the substantive liability of the parties, it is that law which determines whether the ultimate facts give rise to a cause of action in favor of a claimant, which necessarily includes a third-party plaintiff. *See, Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Doggett v. United States*, 875 F.2d 684 (9th Cir.1989). The reach of the words "law of the place" utilized in 28 U.S.C. § 1346(b) embraces the whole law of the state where the negligent act or omission occurred. *Richards v. United States*, 369 U.S. 1, 10–11, 82 S.Ct. 585, 591–92, 7 L.Ed.2d 492 (1962).

Azure concedes Bull Child's operation of the vehicle was a "cause-in-fact" of Azure's injuries. He disputes, however, that Bull Child's operation of the vehicle was a proximate cause of Azure's injuries. Azure contends the antecedent negligence of the Government in constructing the stop sign constituted a "superseding, intervening" event which operated to relieve Bull Child of his legal responsibility for any negligence in the operation of the vehicle. In essence, Azure contends that the Government's failure to abide by the pertinent standards of construction was not a foreseeable event and, consequently, Bull Child's operation of the vehicle cannot be considered a proximate cause of Azure's injuries.

Azure accurately notes the law of Montana "refuses to hold a defendant responsible for consequences which, although possible, are not reasonably foreseeable, or are generally regarded as freakish, bizarre or unpredictable." *Sizemore v. Montana Power Co.*, — Mont. —, 803 P.2d 629, 47 St.Rptr. 2252 (1990), (*citing*, PROSSER & KEATON ON TORTS (5th ed.), § 43 (1984). The circumstances under which a negligent actor may invoke the doctrine of supersed-ing cause, under Montana law, to exonerate himself from liability by shifting the causation element to another negligent actor are, of course, defined by Montana decisional law. Where one has negligently caused a condition of danger, he is not relieved of responsibility for damage caused to another merely because the injury also involved the later misconduct of someone else. *See, Giles v. Flint Valley Forest Products*, 179 Mont. 382, 588 P.2d 535 (1979). An intervening cause does not relieve an actor from liability for his negligent acts where the intervening cause is one which the defendant might reasonably anticipate under the circumstances. *Bissett v. DMI, Inc.*, 220 Mont. 153, 717 P.2d 545 (1986). The issue of whether an individual is to be relieved of responsibility for his negligence, and his liability superseded, by a subsequent event is also determined by the test of foreseeability. *See, Mize v. Rocky Mountain Bell Telephone Co.*, 38 Mont. 521, 100 Pac. 971 (1909). "By definition, a superseding, intervening event is an unforeseeable event that occurs after the defendant's original act of negligence. Its presence will generally serve to cut off liability on the part of the defendant." *Sizemore v. Montana Power Co.*, — Mont. at —, 803 P.2d at 635, 47 St.Rptr. at 2256 (*citing, Kitchen Krafters, Inc. v. Eastside Bank of Montana*, 242 Mont. 155, 789 P.2d 567, 576 (1990).

The foreseeability analysis "requires the trier of fact to determine whether the consequences of a defendant's actions were reasonably foreseeable." *Sizemore v. Montana Power Co.*, — Mont. at —, 803 P.2d at 635, 47 St.Rptr. at 2255. Where a negligent individual asserts the negligence of another operated as a superseding, intervening cause, the foreseeability analysis also requires the trier of fact to determine whether the negligence of the third person was reasonably foreseeable. *Id.* at —, 803 P.2d at 635–36, 47 St.Rptr. at 2255–56. If the third party's actions were reasonably foreseeable to a man of ordinary prudence, the defendant is not relieved of liability. *Id.*

Review of the pertinent sections of the RESTATEMENT (SECOND) OF TORTS regarding whether an intervening act of a third party is a superseding cause of harm to an injured person proves instructive in understanding the foregoing principles of Montana common law.

The RESTATEMENT (SECOND) OF TORTS § 441(1) defines an intervening force as:

[O]ne which actively operates in producing harm to another after the act or its negligent act or omission has been committed.

RESTATEMENT (SECOND) OF TORTS § 440 defines a superseding cause as:

[A]n act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.

The RESTATEMENT (SECOND) OF TORTS proceeds to establish numerous rules to be followed in determining whether an intervening force, as defined by section 441, constitutes a superseding cause, as defined by section 440. RESTATEMENT (SECOND) OF TORTS, §§ 442–453. Of particular pertinence to the issue of whether the allegedly negligent construction of the stop sign constituted a superseding cause, relieving the driver Bull Child from liability for injuries sustained by Azure, is that rule stated at RESTATEMENT (SECOND) OF TORTS, § 442B, which provides:

*Intervening force causing same harm as that risk by actor's conduct.*

Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of risk created by the actor's conduct.

COMMENT b to section 442B notes that if the actor's conduct has created or increased the risk that a particular harm to the plaintiff will occur, and has been a substantial factor in causing that harm, it is immaterial to the actor's liability that the harm is brought about in a manner which no one in his position could possibly have been expected to foresee or anticipate.

Azure's motion presents for analysis the issue of whether, as a matter of law, the negligence of the Government in failing to properly construct the stop sign was a "superseding cause" of Azure's injuries so as to be the sole proximate cause of his injuries. Based upon the allegations of the pleadings, and considering Azure's concession that the negligence of Bull Child was a "cause-in-fact" of Azure's injuries, it cannot be said that the Government's negligence in failing to properly erect the stop sign was a superseding cause of Azure's injuries so as to relieve Bull Child of liability for his negligent conduct.

▮▮▮ This court has, in its application of the foregoing principles of Montana law, recognized where the negligent conduct of an actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through intervention of another force does not relieve the actor of liability, except where harm is intentionally caused by a third person and is not within the scope of risk created by the actor's conduct. *Deeds v. United States,* 306 F.Supp. 348 (1969). The present analysis evinces that the court cannot, as a matter of law, state that the doctrine of superseding cause serves as a basis for finding that the Government's negligence was the sole proximate cause of the mishap which caused the injury sustained by Azure. Based upon the allegations advanced by the pleadings, the conduct of both Bull Child and the Government would have to be considered as concurring to cause the injury sustained by Azure, thereby precluding a finding, as a matter of law, that the Government's negligence was the sole proximate cause of those injuries. At the very least, there would exist a reasonable difference of opinion as to whether the intervening cause, *i.e.,* the Government's negligence in construction of the stop sign, was an "unfore-

seeable event", *Sizemore v. Montana Power Co.*, —— Mont. at ——, 803 P.2d at 635, 47 St.Rptr. at 2256, thereby creating an issue of fact properly left for resolution by the trier of fact. *See, A.M. Holter Hardware Co. v. Western Mortgage & Warranty Title Co.*, 51 Mont. 94, 149 P. 489 (1915).

### B. *Contribution*

 Azure next suggests that although Mont.Code Ann. § 27–1–703 (1987) recognizes a right of contribution among joint tortfeasors, because there exists no "real likelihood" of recovery from the proposed third-party defendant, the Government possesses no "substantive basis" upon which to invoke the procedural vehicle provided by Fed.R.Civ.P. 14. Azure presses the court to exercise the discretion with which it is granted under Fed.R.Civ.P. 14 to deny the Government's motion to implead Bull Child.

The court accepts Azure's representations regarding the indigency of Bull Child. Nonetheless, the court is unpersuaded that the Government should not be allowed to implead Bull Child for the purpose of obtaining an apportionment of liability among every actor whose negligence may have contributed as a proximate cause to the injury sustained by Azure. Mont.Code Ann. § 27–1–703(4) (1987). Pursuant to the recent amendments to those provisions of Mont.Code Ann. § 27–1–703(2) and (4) which bear upon the joint and several liability of joint-tortfeasors, the apportionment ultimately determined by the trier of fact affects the extent to which the Government may be held jointly and severally liable for the injury sustained by Azure. Consequently, the right of the Government to obtain the apportionment is substantive in

nature, and the propriety of the Government's action in impleader does not present a matter vested in the discretion of the court. Regardless of the fact the Government may never, as a practical matter, realize any contribution from Bull Child, the apportionment of liability is critical to a determination of the Government's joint and several liability.[2]

 As noted, Azure also asserts a procedural basis which, he contends, justifies denying the Government's attempt to implead Bull Child. Simply stated, Azure suggests the impleading of Bull Child would unnecessarily confuse, to his prejudice, the factual issues presented for resolution by the principal complaint. Characterizing the issues presented by the Government's complaint in impleader as extraneous and irrelevant to the issues presented by the plaintiff's complaint, Azure contends the Government should not be allowed to obscure the issues pertaining to the Government's negligent construction and installation of the stop sign by injecting the issue of Bull Child's negligence. The court, however, is unpersuaded by Azure's argument. The Government is entitled to enforce the substantive right to which it is entitled under Mont.Code Ann. § 27–1–703 (1987). *United States v. Yellow Cab Co.*, 340 U.S. at 551–552, 71 S.Ct. at 405.

 Finally, Azure asserts the claim of contribution advanced by the Government against Bull Child presents a civil controversy falling within the exclusive jurisdiction of the Tribal Court of the Blackfeet Indian Reservation. Invoking the doctrine of comity enunciated in *National Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818

---

**2.** Mont.Code Ann. § 27–1–703(2) provides:

Any party whose negligence is determined to be 50% or less of the combined negligence of all persons described in subsection (4) is severally liable only and is responsible only for the amount of negligence attributable to him,.... The remaining parties are jointly and severally liable for the total less the amount attributable to the claimant.

Mont.Code Ann. § 27–1–703(4), in turn, provides in pertinent part:

... For purposes of determining the percentage of liability attributable to each party whose action contributed to the injury complained of, the trier of fact shall consider the negligence of the claimant, injured person, defendants, third-party defendants, persons released from liability by the claimant, persons immune from liability to the claimant, and any other persons who have a defense against the claimant. The trier of fact shall apportion the percentage of negligence of all such persons.

(1985), and refined in *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987), Azure contends this court must refrain from exercising jurisdiction over the subject matter of the Government's third-party complaint, until such time as the Blackfeet Tribal Court is afforded the opportunity, in the first instance, to decide whether it will exercise jurisdiction over the controversy. The court declines Azure's invitation to extend the rationale underlying the doctrine of comity enunciated in *National Farmers* to the situation presented here. Jurisdiction of the claim advanced by Azure under the Federal Tort Claims Act is vested in this court pursuant to 28 U.S.C. § 1346. The jurisdiction conferred by section 1346 would necessarily extend to include jurisdiction over the subject matter of a third-party action of the Government predicated upon a substantive right founded in state law.

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED that the motion of the plaintiff, John Thomas Azure, requesting the court to reconsider its order granting the United States leave to file a third-party complaint, pursuant to Fed.R. Civ.P. 14, is DENIED.