**Maria Acosta SANTIAGO, Plaintiff,**

v.

**UNITED STATES of America, Defendants/Third Party Plaintiff,**

v.

**MUNICIPALITY OF SAN JUAN, Third Party Defendant.**

**Civ. No. 92–2719 (SEC).**

United States District Court, D. Puerto Rico.

March 14, 1995.

Juan F. Matos–Bonet, Matos–Bonet & Matos de Juan, San Juan, PR, for plaintiffs Maria Acosta Santiago, Gilberto Pagan, C/P Acosta–Pagan.

Maria Hortensia Rios–Gandara, U.S. Attys. Office, Dist. of Civ. Div., Hato Rey, PR, for defendant U.S.

## ORDER

CASELLAS, District Judge.

Plaintiff, together with her husband, originally brought this action against the General Services Administration ("GSA") and the United States under the aegis of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, seeking compensation for injuries she allegedly sustained as a result of a fall suffered while walking on the sidewalk parallel to the Federico Degetau Federal Building located on Carlos Chardón Avenue, in Hato Rey, Puerto Rico ("Federal Building"). By plaintiff's account, as it appears from the complaint, her fall occurred when she tripped over the raised edge of a slab of concrete which formed the sidewalk, allegedly due to a negligently planted mahogany tree within the confines of the Federal Building.

At an appropriately early stage of these proceedings, partial judgment was entered dismissing the claims against GSA for lack of jurisdiction under the FTCA. 28 U.S.C. § 2679(a). Next, the U.S. filed a third party complaint against the Department of Transportation and Public Works ("DTOP" because of its Spanish acronym), an agency of the Commonwealth of Puerto Rico, charging that said agency was directly responsible for any damages suffered by plaintiff as a result of her fall. At that time, the U.S. apparently was under the impression that it was the DTOP who owned, administered, and/or was responsible for the upkeep and maintenance of public sidewalks. In due course however, the claims against the Commonwealth's DTOP were dismissed on January 7, 1994, after the U.S. learned through further dis-

covery that the party charged with the responsibility for the upkeep and control of the sidewalk was in fact the Municipality of San Juan ("the Municipality"). The U.S. amended its third party complaint accordingly, including the Municipality as a third party defendant potentially liable to plaintiff on her claim.

For its part, the Municipality filed a prompt motion to dismiss (**docket # 37**) based on the failure on the part of the U.S. to comply with the 90–day notice requirement prescribed by the General Municipality Law of the Commonwealth, 21 L.P.R.A. § 4703(a), for claims brought against Commonwealth municipalities.[1] The U.S. timely opposed this motion, initially solely on the basis that it had filed the third party complaint against the Municipality within 90 days after it learned that the Municipality was potentially liable for plaintiff's damages. On March 22, 1994, the Court ordered the parties to file simultaneous briefs supplementing their respective pleadings on the issue of the applicability of the 90–day notice requirement to actions in interpleader. Now, with the benefit of the parties' differing points of view on the issue, we are in a position to proceed with the resolution of the issue.

The Municipality's position can be readily summarized as follows: On November 24, 1992, María Acosta Santiago and her husband filed the instant complaint against the U.S., claiming damages allegedly suffered by them as a result of her fall sustained on June 13, 1989. Service of process upon the U.S. was effected on January 2, 1993. Thereafter, the U.S. filed a third party complaint against the Municipality on August 19, 1993, without ever giving prior notice of a possible claim, in accordance with the above cited sections of the General Municipality Law. On September 1st, 1993 the Municipality was served with summons and a copy of the third party complaint. Based on this course of events, the Municipality argues that the U.S. has had "notice of the damages claimed"[2] since it was served with a copy of the complaint on January 2, 1993. It follows then, according to the Municipality, that the third party plaintiff's failure to serve the summons and complaint on the Municipality or otherwise give notice of the impending claim before the expiration of the ninety (90) day term in April 1993, now effectively bars the interposition of the third party complaint by the U.S.

The Government's position is predictably at odds with the Municipality's arguments. In essence, the U.S. asserts that through the impleader mechanism provided for by the Federal Rules of Civil Procedure, it may file an action against a third party, in this case the Municipality, in order to vindicate and protect its right to collect claims for contribution or indemnity from alleged joint tortfeasors. See Fed.R.Civ.P. 14; *United States v. Yellow Cab Co.*, 340 U.S. 543, 551–552, 71 S.Ct. 399, 405, 95 L.Ed. 523 (1950). Regarding the timeliness of the third party complaint, the U.S. argues that the three-year limitations period applicable to claims for money damages brought by the U.S. which are founded in tort is the limitations period properly applicable to the instant case, and not the much shorter 90–day period found in the Commonwealth's General Municipality Law. See 28 U.S.C.A. § 2415. Accordingly, the U.S. urges this Court, in its discretion, to allow the Government to enforce its rights to

---

1. Section 4703 provides in pertinent part:

    Any person having any claim against a municipal entity for damages to the person or property, caused through the fault or negligence of said entity, shall present to the Mayor a written notice stating briefly and clearly, the date, place, cause and general nature of the damage sustained, the amount of monetary compensation or the type of remedy appropriate to the damage sustained, the names and addresses of his witnesses and the address of the claimant, as well as the place where he received medical treatment in the first instance.

    This section provides a 90–day term, following the date on which the claimant learned of the damages being claimed, to properly present the notification to the Mayor. In addition, § 4703(b) reads as follows:

    (b) Jurisdictional Requisite—No judicial action of any nature may be instituted against a municipality for damages caused by its fault or negligence thereof, unless written notice is given, in the form, manner and within the terms prescribed by this subtitle.

2. Section 4703(a) provides in part: "Said written notice shall be presented to the [Mayor] within ninety (90) days following *the date on which the claimant [had knowledge] of the damages [being claimed.]*"

contribution allegedly due it from the Municipality as joint tort-feasor, by impleading the Municipality as a third party defendant.

### The Federal Tort Claims Act

■ The Federal Tort Claims Act was primarily intended to remove the sovereign immunity of the U.S. from suits in tort and, with limited exceptions, to render the Government liable in tort as a private individual would be under like circumstances. *Richards v. U.S.*, 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). Under the FTCA, the United States is liable on tort claims under those circumstances in which a private individual would be liable under state law. 28 U.S.C.A. §§ 1346(b), 2671–2680. Consequently, in order to make a determination on the liability of the parties, courts must apply the law of the place where the alleged negligence took place. *See Vega Mena v. U.S.*, 990 F.2d 684 (1st Cir.1993); *Mas v. U.S.*, 984 F.2d 527 (1st Cir.1993). In the instant case, it is the law of the Commonwealth of Puerto Rico which determines whether the ultimate facts give rise to a cause of action in favor of a claimant, including a third party plaintiff. *See Azure v. U.S. Health & Human Services*, supra; *Carlson v. Green*, 446 U.S. 14, 23, 100 S.Ct. 1468, 1474, 64 L.Ed.2d 15 (1980). *See also, Richards v. U.S.*, 369 U.S. 1, 10–11, 82 S.Ct. 585, 591–92, 7 L.Ed.2d 492 (1962) (The words "law of the place" within the context of 28 U.S.C. § 1346(b) extend the statute's reach to the whole law of the state where the negligent act occurred.)

### Third Party Practice under Federal Rule of Civil Procedure 14

■ Where the U.S. is sued under the FTCA, it may, as a third party plaintiff, implead a person who is or may be liable to it for all or part of the claim asserted by the plaintiff against the United States. *See United States v. Yellow Cab Co.*, supra; *Native Village of Noatak v. Hoffman*, 872 F.2d 1384 (9th Cir.1989); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1450 (1990). Moreover, the Government points out that Rule 14 impleader may be allowed even—as in the instant case—where the original plaintiff would be barred by the statute of limita-

tions from bringing an action directly against the third party defendant. *Wandrey v. McCarthy*, 804 F.Supp. 1384 (D.Kan.1992). For impleader to be proper however, there must be a substantive right to the relief asserted by the third party plaintiff. 6 Wright, Miller & Kane, Federal Practice and Procedure § 1450 (1990). "A defendant cannot implead a third party unless he has a proper claim against the third party under the applicable substantive law, based on plaintiff's claim of liability against defendant." *Wandrey v. McCarthy*, 804 F.Supp. at 1386. In this respect, the Government's right to contribution or indemnity is of course determined by Commonwealth law. *Id.; Azure v. U.S. Health & Human Services*, 758 F.Supp. 1382, 1384 (D.Mont.1991). Nevertheless, the procedural aspects involved in the successful prosecution of an action in impleader are controlled by Federal Rule of Civil Procedure 14, which governs third party practice in general. *See United States v. Yellow Cab Co.*, supra; *Azure v. U.S. Health & Human Services*, 758 F.Supp. at 1384.

### Motion to Dismiss

■ At bottom, the present controversy centers around the timeliness of the Government's third party complaint against the Municipality. Though seemingly innocuous, this issue presents an important question regarding the proper interaction of state and federal law within the statutory scheme of the Federal Tort Claims Act, and demands a more precise definition of the "generally interstitial character" of federal law in this context. *See Richards v. U.S.*, supra.

The Government, for its part, suggests that the proper analysis of this case calls for the application of the three-year limitations period prescribed in 28 U.S.C. § 2415 for suits by the U.S. involving money damages based on a tort. It claims a number of advantages over private litigants in federal court due to its unique status as sovereign, most significant among which is the fact that it may not be subject to state statutes of limitations. Under the Government's rationale therefore, the 90–day notice requirement regarding tort claims against the Mu-

nicipality is inapposite to the issue of the timeliness of the instant third party complaint, as its application would presumably constitute an impermissible infringement on the Government's right to bring suit against the Municipality for contribution or indemnity. Consequently, having filed the third party complaint within the three year limitations period in 28 U.S.C. § 2415, the Government reasons it is not time-barred. At first blush, several decisions seemingly lend support to this interpretation. *See e.g., U.S. v. John Hancock Mutual Life Insurance Co.,* 364 U.S. 301, 305–306, 81 S.Ct. 1, 45, 5 L.Ed.2d 1 (1960); *United States v. St. John's General Hospital,* 875 F.2d 1064, 1067 (3d Cir.1989); *O'Donnell v. U.S.,* 428 F.Supp. 629, 634 (W.D.La.1977).

However, the Court notes that generally, the cases cited by the government in support of the notion that the U.S. enjoys an unrestricted freedom from state statutes of limitations involve situations where the U.S. is enforcing its rights as sovereign pursuant to a particular federal statute. That was the case in *U.S. v. John Hancock Mutual Life Insurance Co.,* supra, where the U.S. instituted proceedings to redeem a property pursuant to the terms of 28 U.S.C. § 2410(c), which provides that when the U.S. is joined in a foreclosure proceeding under § 2410(a), and a sale is held to satisfy a lien prior to that of the United States, "the United States shall have one year from the date of the sale within which to redeem." Under those circumstances, the U.S. Supreme Court held that the action was not subject to the application of a Kansas state statute of limitations, but that the one-year limitations period in 28 U.S.C. § 2410(c) applied. *See also, U.S. v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) (Suit under claim received by assignment pursuant to Act of June 27, 1934, 48 Stat. 1246); *Board of Jackson County Commrs. v. U.S.,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939) (U.S. suing as Indian trustee pursuant to Congressional statute). Similarly, in *U.S. v. St. John's General Hospital,* supra, also cited by the Government, the U.S. brought an action under the Hill–Burton Act of 1944, 42 U.S.C. § 291 et seq., to recover funds used to construct a non-profit medical facility which was subse-

quently sold to a for-profit venture. The Third Circuit held that the action was not barred by any statute of limitations. *See also, Glenn Elec. Co., Inc. v. Donovan,* 755 F.2d 1028 (3d Cir.1985) (Suit under United States Housing Act of 1937, 42 U.S.C. §§ 1437–1437j); *U.S. on Behalf of Small Bus. Admin. v. Richardson,* 889 F.2d 37 (3d Cir.1989).

▪ In contrast with the above-cited cases, the Government's right to contribution or indemnity from the Municipality is a matter of Commonwealth law. Indeed, the liability of the U.S. vis a vis plaintiff, upon which the third party defendant's liability towards the Government is necessarily predicated, is itself to be determined by the proper application of Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, which governs actions for damages arising out of the fault or negligence of a party. Whether under these circumstances, where both the plaintiff's cause of action and defendant/third party plaintiff's cause of action require the application of substantive state law, the Government's suit is subject to a federal or state statute of limitations is an open question. *See U.S. v. California,* —— U.S. ——, ——, 113 S.Ct. 1784, 1791, 123 L.Ed.2d 528 (1993). In *U.S. v. California,* decided only two years ago, the U.S. Supreme Court expressly declined to resolve whether in general a *state-law* action brought by the U.S. is subject to a federal or state statute of limitations. *Id.* The Court characterized the issue as "a difficult question." *Id.*

▪ Historically, the Supremacy Clause as well as other public policies protecting the federal treasury have served as justification for the Government's continued enjoyment of significant litigation advantages over other parties seeking to enforce their rights, such as freedom from state statutes of limitations. However, "when a claim procedure is a condition precedent to, or an integral element of a state-created cause of action, the United States is not exempt from the time bar, even if a federal statute of limitations may otherwise apply." *U.S. v. State of California,* 932 F.2d 1346, 1351 (9th Cir.1991), *aff'd sub*

*nom., U.S. v. California,* ―― U.S. ――, 113 S.Ct. 1784, 123 L.Ed.2d 528 (1993). In the case at bar, the U.S. has no cause of action for negligence against the Municipality of San Juan, as it lacks an element necessary to the accrual of the claim; namely, the U.S. failed to notify or otherwise file and serve the third party complaint upon the Municipality within 90 days following the date on which it first had knowledge of the damages being claimed, as required by the Commonwealth's General Municipality Law, 21 L.P.R.A. § 4703(a).

■■■ It is undisputed that plaintiff's complaint was filed on November 24, 1992 and served upon the U.S. on January 2, 1993. Therefore, it is on this date in January 1993 that the U.S. must be considered to have first received notice of the damages being claimed by plaintiff as a result of her fall along the sidewalk, and it is this date which accordingly provides the starting point from whence the 90 day notice period begins to run. *See López v. Autoridad de Carreteras,* 93 J.T.S. 64 at 10658–10659. Since the third party complaint against the Municipality was not served[3] until September 1, 1993, several months *after* the 90 day notification period had expired, the U.S. is precluded from bringing any claims against the Municipality founded upon its alleged liability for the damages suffered by plaintiff by reason of her fall.

The Puerto Rico Supreme Court has characterized the 90–day notice requirement as a condition precedent to the accrual of a cause of action against a municipality. *See Mangual v. Tribunal Superior,* 88 D.P.R. 491, 498–499 (1963). Failure to strictly comply with the 90 day notice requirement has consistently been held to bar suit. *See Ortiz v. Gobierno Municipal,* 94 D.P.R. 472 (1967); *E.L.A. v. Tribunal Superior,* 104 D.P.R. 160 (1975). More recently, in *López v. Autoridad de Carreteras,* supra, the Supreme Court highlighted the fact that since 1980, section

3403(c), now § 4703(b) of the General Municipality Law has expressly classified this notification as a "jurisdictional requirement". *Id.* at 10659 n. 1. In *López,* plaintiffs alleged that they were not aware of the municipality's potential liability until after the other codefendants raised it as a defense. The Commonwealth's Supreme Court reasoned that neither the lack of knowledge of the applicable law nor the lack of a simple, reasonably diligent inquiry to determine the identity of the party with jurisdiction over the site where the accident occurred justified a departure from the "clear legislative mandate" requiring notification within a 90 day term. *Id.* The Supreme Court noted that plaintiffs could have found out about the municipality's potential liability without much effort on their part, and could then have easily complied with the notice requirement within the 90 day period.

In this case, the U.S. initially based its opposition to the Municipality's motion to dismiss on the fact that it only found out about third party defendant's potential liability through discovery. By its own admission however, the Government learned that the sidewalk where the accident took place was not within federal grounds as early on as March 10, 1993. Even so, the U.S. did not notify the Municipality of San Juan or otherwise comply with the strict, jurisdictional requirement of § 4703(b) until September 1, 1993, when it finally served the third party complaint on the Municipality. By then it was too late.

### Conclusion

■■■ We thus echo the Ninth Circuit's holding in *U.S. v. State of California,* supra at 1351: "Since federal statutes of limitations become determinative only after the Government acquires a cause of action, and since the U.S. never acquired a cause of action, 28 U.S.C. § 2415 does not apply." Furthermore, we note that the U.S. has not advanced the argument that any particularly signifi-

---

**3.** The Puerto Rico Supreme Court held in *Passalacqua v. Municipio de San Juan,* 116 D.P.R. 618 (1985), that when a party institutes an action against a Municipality, and properly serves process upon it within the 90 day period following notice of the damages being claimed, it is deemed to have complied with the notice re-

quirement set forth in the Commonwealth's General Municipality Law. The Supreme Court has since reaffirmed this holding, and has emphasized that both the commencement of the suit *and* the service of process on the Municipality have to occur within the 90 day period. *See López v. Autoridad de Carreteras,* 93 J.T.S. 64.

cant or unique federal interest commands the application of 28 U.S.C. § 2415 over the Commonwealth's more stringent 90–day notification requirement, and we have discerned none. In contrast, the Puerto Rico Supreme Court has identified several important public policy interests which are served by the 90 day notice requirement in the General Municipality Law, including: (1) giving these political entities an opportunity to investigate the facts giving rise to the claim; (2) discouraging unfounded claims; (3) facilitating prompt settlement of claims; (4) enabling the immediate inspection of the scene of the accident before conditions change; (5) discovering the identity of persons with knowledge of the facts and interviewing them while their recollection is most trustworthy; (6) notifying the municipal authorities of the existence of the claim so as to maintain the necessary reserve of funds in the annual budget; and (7) minimizing the amount of damages suffered by ensuring prompt medical intervention, offering proper medical treatment and providing for the hospitalization of the injured party. *See Mangual v. Tribunal Superior*, 88 D.P.R. 491, 88 P.R.R. 475, 478–479 (1963); *López v. Autoridad de Carreteras*, supra at 10657.

Finally, the 90 day notice requirement does not present an insurmountable obstacle for the federal Government, but rather encourages efficiency and speed in the investigation and preparation of claims. *U.S. v. State of California*, supra at 1352.

WHEREFORE, for the reasons stated above, the third party complaint against the Municipality of San Juan is hereby DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**