**ESTATE OF Alphonse NOBILE,**
**Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Yale–New Haven Hospital, Third–**
**Party Defendant.**

**No. 3:97 CV 1327(GLG).**

United States District Court,
D. Connecticut.

May 25, 2000.

Gerard McEnery, Andrew W. Skolnick, Robert C. Messey, Barry J. Sinoway, Sinoway & McEnery, New Haven, CT, for plaintiff.

Brenda M. Green, U.S. Attorney's Office, New Haven, CT, for U.S.A.

Penny Q. Seaman, Wiggin & Dana, New Haven, CT, for Yale–New Haven Hospital.

### *MEMORANDUM DECISION*

GOETTEL, District Judge.

Pending before the Court is the Motion of Yale–New Haven Hospital ("YNHH") to Dismiss the Third–Party Apportionment Com-

plaint, which was only recently filed against it by defendant/third-party plaintiff, the United States of America.

This case was filed by the Estate of the Alphonse Nobile under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, ("FTCA"), against the United States for the alleged negligent medical care that was provided to Alphonse Nobile at the VA Connecticut Healthcare System, West Haven Campus ("WHVA"). The late Alphonse Nobile had been treated for multiple medical conditions by the WHVA since 1984. According to plaintiff's complaint, for approximately seven years, from 1987 to August 22, 1994, Nobile was treated at the WHVA for colon diverticular disease and an abdominal aortic aneurysm. A month later he was admitted to YNHH in serious condition with a ruptured diverticular abscess, which required surgical repair. On October 4, 1994, he underwent emergency surgery at YNHH for a ruptured abdominal aortic aneurysm. Following these surgeries, plaintiff's condition deteriorated rapidly. He died of multiple complications on November 6, 1994. At the time of his death Nobile was sixty-eight years old.

On July 3, 1997, Nobile's Estate sued the United States as the owner and controller of the WHVA Hospital through the United States Department of Veterans Affairs. The complaint alleges in essence medical malpractice and seeks two million dollars in damages. Earlier, on January 17, 1997, the United States had denied an administrative claim for damages relating to the death of Nobile.

Discovery in this case moved rather slowly. On October 14, 1999, the then parties (Nobile's Estate and the United States) were called in for a pre-trial conference. The parties indicated that discovery was still not complete despite the fact that the Scheduling Order called for discovery to be completed much earlier. The parties were advised that the case would go to trial in the Spring of 2000. In addition, the Scheduling Order required that any additional parties be added by April 1, 1998. Nevertheless, on November 30, 1999, the United States filed a third-party apportionment complaint against YNHH. The third-party complaint was served in December of 1999. The following month YNHH filed the instant motion to dismiss citing several grounds.

The United States attempts to excuse its tardy action stating that it did not realize that YNHH committed medical malpractice that was responsible for the decedent's death until it was making its final preparation for trial. We find this explanation unsatisfactory. The attempt to join YNHH comes five years after the acts and omissions complained of and two and one-half years after the filing of plaintiff's complaint. Before the complaint, this matter had been through the FTCA administrative claims procedure in Washington. Such a delay is inexcusable.

On May 1, 2000, the Court sent out its Ready Trial Order setting the case for trial in June. Not surprisingly YNHH, which has conducted no discovery whatever and was awaiting a decision on its motion to dismiss, moved to have the action against it severed or the trial of the case adjourned indefinitely. (The motion to dismiss had not moved rapidly because the United States did not file its opposition until March 10 and the reply papers were not received until April 6). We granted the motion to sever but denied the motion for a lengthy adjournment because of the prejudice it would impose upon the plaintiff who had been waiting several years for a trial. (If the case had been adjourned it would not have been reached before the Spring of 2001). That resolution was not satisfactory to the United States, which argued that severance is not procedurally allowable under the Connecticut state procedures where an action is brought for apportionment only. In addition, the United States argues that the interests of justice would be best served by trying the claims against all the parties together.

We note initially that pursuant to the Congressional amendment to 28 U.S.C. § 1367(a) approximately ten years ago, parties can be joined in suits under the FTCA where a *single* incident may give rise to multiple party claims or liabilities. *See* 1 Richard A. Givens, *Manual of Federal Practice* § 1.111 (4th ed.1991). However, that section does not permit jury trials as to the liability of the

United States, although both Nobile's Estate and YNHH would otherwise be entitled to a trial by jury. At least one authority has suggested that a severance is required in such situations, which we have already granted.[1] *See Id.*

The one thing on which both sides to the apportionment complaint agree is that, for substantive law purposes, the case is governed by Connecticut law. 28 U.S.C. § 1346(b); *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) (holding that a court must apply the "whole law" of the state where the incidents took place in a FTCA case). However, for procedural purposes, federal procedures apply.

■ Where the United States is sued under the FTCA, it may, as a third-party plaintiff, implead those persons or entities who may be liable to it for all or part of the claim asserted by the plaintiff against the United States. *United States v. Yellow Cab Co.*, 340 U.S. 543, 551–52, 71 S.Ct. 399, 95 L.Ed. 523 (1951); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1450 (1990). However, there must be a substantive right to the relief sought by the United States against the third-party defendant. 6 Wright, Miller & Kane § 1450. "A defendant cannot implead a third party unless he has a proper claim against the third party under the applicable substantive law, based on plaintiff's claim of liability against the defendant.... It is irrelevant whether the basis of the claim is indemnity, contribution, or some other theory." *Wandrey v. McCarthy*, 804 F.Supp. 1384, 1386 (D.Kan.1992) (internal citations and quotations omitted). In this case, as recognized by the parties, the Government's substantive right to apportionment is governed by Connecticut law. 28 U.S.C. § 1346(b); *see also Bethel Native Corp. v. Department of the Interior*, 208 F.3d 1171 (9th Cir.2000) (applying Alaska's apportionment statute to the United States' apportionment claim

against the State of Alaska). Nevertheless, the procedural aspects involved in the prosecution of an impleader action are controlled by the Federal Rules of Civil Procedure. *Santiago v. United States*, 884 F.Supp. 45, 49 (D.P.R.1995).

■ Ordinarily, a federal defendant seeking contribution or indemnity would only have to comply with the impleader requirements of Fed.R.Civ.P. 14. However, Connecticut law does not allow either contribution or indemnity in a situation such as this. Rather, Connecticut requires the filing of an apportionment complaint, which is what the United States has attempted to do in this case. And, as YNHH points out, under C.G.S.A. § 52–102b(f), such a claim is the exclusive means for adding a party who may be liable, and must be accomplished within one hundred and twenty days. C.G.S.A. § 52–102b(a). Thus, third-party defendant YNHH asserts that this Court lacks subject matter jurisdiction over the apportionment complaint because it was not timely filed.

Connecticut's apportionment statute, C.G.S.A. § 52–102b(a) provides:

> A defendant in any civil action to which section 52–572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint ... shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.

Third-party defendant YNHH asserts that because the United States did not serve its apportionment complaint for over two years after it was served with plaintiff's complaint, its apportionment claim is time-barred by the 120 day requirement of C.G.S.A. § 52–102b(a). The United States counters that

---

1. The Government argues that this problem could be solved by having an advisory jury provided that the Court "does not accept an advisory jury's verdict which is contrary to the Court's own conclusions," citing *Schetter v. Housing Authority*, 132 F.Supp. 149 (W.D.Pa.1955). That is not possible in this Circuit. According to *Le-*

*Blanc–Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir.1995), when a jury and non-jury case are tried together, the Court must adopt every inference from the jury's findings as controlling in the non-jury case in which the Government is a party.

this time limitation is a "state procedural time frame" and cites to the numerous references throughout section 52–102b to actions filed in State Superior Court, which it interprets to mean that the time limitation applies only to State court actions.

The vast majority of Connecticut courts have determined that the time limitation of section 52–102b(a) is substantive and jurisdictional, thus implicating a court's subject matter jurisdiction. *Tine v. Baker*, No. 116645, 2000 WL 371201, at *2 (Conn.Super. Mar.31, 2000) (citing cases). The State courts have held that, because the 120–day requirement of section 52–102b(a) is contained within a statute that creates a cause of action that did not exist at common law, then the remedy exists only during the prescribed period and the time limitation is not to be treated as an ordinary statute of limitations but rather as a limitation on the liability itself. Accordingly, the courts have held that the time limitation is substantive and is a jurisdictional prerequisite. *Id.* (citing *Ambroise v. William Raveis Real Estate, Inc.*, 226 Conn. 757, 766–67, 628 A.2d 1303 (1993)). Therefore, when third-party plaintiffs have failed to serve their apportionment complaint within 120 days; their apportionment complaints have been dismissed. *See Ortiz v. Bridgeport Hospital*, No. 547104, 2000 WL 274072 (Conn.Super. Feb.24, 2000) (citing cases).

■ In an analogous case, the court in *Santiago v. United States, supra*, dismissed a third-party complaint by the Government for contribution from the city of San Juan, Puerto Rico, because the Government had failed to comply with Puerto Rico's statutory 90–day notice requirement for actions against municipalities. The court held that, because the Government's right to contribution from the municipality of San Juan was a matter of Commonwealth law, the Government was required to comply with the 90–day notice requirement which was a condition precedent to the accrual of a cause of action against a municipality. 884 F.Supp. at 51. The court noted that the Government's alleged lack of knowledge of the applicable law or of the municipality's potential liability would not excuse its failure to comply with

the strict 90–day jurisdictional requirement of the statute. *Id.; see also Songne v. United States*, No. CIV. A. 96–3742, 1998 WL 352175 (W.D.La. June 30, 1998) (dismissing the United States' third-party complaint against a private hospital for contribution and indemnity in a medical malpractice case filed under the FTCA because the United States had failed to comply with Louisiana's medical review panel procedures).

Following the rulings of the vast majority of State courts that the 120–day period of Connecticut's apportionment statute is a substantive and jurisdictional requirement, we hold accordingly and reject the Government's argument that this is a procedural time frame applicable only to State court actions. By failing to comply with the 120–day service requirement, the Government lost its substantive right to apportionment and, thus, lost its right to implead YNHH. Accordingly, we hold that the apportionment complaint should be dismissed for lack of subject matter jurisdiction.

The Government argues that this is contrary to the express language of Rule 14, Fed.R.Civ.P., which allows the United States to bring in a third party "at any time before trial." As noted above, although the Federal Rules govern the procedures to be applied by this Court, the Government must have a substantive claim to assert in its impleader action. That claim was lost by its failure to comply with the substantive requirements of the State apportionment statute. Moreover, while timely motions to implead are freely granted, they are not allowed if they would prejudice the plaintiff or unduly complicate the trial. *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y.1984). As noted earlier, impleader at this point *would* prejudice the plaintiff by a lengthy delay and, because of the jury/non-jury aspect, would complicate the trial. While the United States argues that it should not be restricted by the State procedures and should be allowed under Fed.R.Civ.P. 14 to bring in a third party at any time before trial, its only basis under Connecticut law for obtaining apportionment comes from the

very statute it attempts to disown.[2] Indeed, in *Ortiz v. Bridgeport Hospital, supra,* the court noted that one of the purposes underlying the passage of section 52–102b was to remedy the problem of defendants' filing their apportionment claims shortly before trial, which was unfair to the plaintiffs.

In conclusion, we grant the motion to dismiss the claim for apportionment against YNHH. The Government has not shown sufficient cause for failing to join the third party by the date set in the scheduling order. In addition, the apportionment complaint does not comply with the deadlines of the Connecticut General Statutes. Even if joinder were legally permissible under Fed.R.Civ.P. 14, the Court in its discretion would not have allowed it because of the prejudice to the plaintiff inherent in the delay and the procedural problems of jury and non-jury it would create. For all the foregoing reasons the motion to dismiss (**Doc. No. 24**) is **GRANTED.** This case will go forward on the June trial docket of this Court.

---

**2.** We do not at this time consider the question of whether, if there is a plaintiff's verdict against the United States, it could subsequently file a suit for contribution and/or indemnity under the federal procedures to recoup the percentage of fault attributable to Yale.