OPINION AND ORDER
 

 CASELLAS, District Judge.
 

 Before the Court is Third Party Defendant, the Municipality of Ponce’s “Motion to Dismiss (FRCP 12(b))”, (Docket # 40), along with Third Party Plaintiff, Puerto Rico Electric Power Authority’s corresponding, opposition, (Docket # 49). For the reasons that follow, the Municipality of Ponce’s motion to dismiss, (Docket # 40), is GRANTED, and the third party complaint against it is consequently DISMISSED.
 

 I. Factual Background
 

 This is a diversity jurisdiction suit brought by Plaintiff Carlos Rodriguez Robledo, a permanent resident of the State of New York, against the Puerto Rico Electric Power Authority, (hereinafter “PREPA”), for damages allegedly caused to him by PREPA’s negligence in the installation, operation, and maintenance of certain wires exclusively within its control. Plaintiff alleges in the complaint, filed on May 19, 1998, that in August, 1995 he suffered damages while engaged as a construction employee at the construction site of the “Centro Agrícola Ponceño” building located in Ponce, Puerto Rico. Plaintiff suffered the alleged damages when he came in contact with a high tension wire running adjacent and in close proximity to the side of the building’s roof.. According to Plaintiff, the cable was part of a network of cables negligently installed, operated, maintained and controlled exclusively by PREPA. .
 

 On March 2, 1999 PREPA filed a third party complaint against the Municipality of Ponce (hereinafter “the Municipality”), among others. Third party plaintiff PREPA alleges that the Municipality “negligently issued a construction permit” for the second story of the building “in violation of the laws, regulations and standards governing” construction in the Commonwealth of Puerto Rico. (Docket # 18, Third Party Complaint 1Í 32). In addition, PREPA alleges that the Municipality failed to advise third party co-defendants and owners of the building, Roberto Santiago, his wife, and the conjugal partnership composed by them, that they were “compelled to consider and respect PREPA’s right of way for electric power lines, as well as national safety standard’s [sic] and instead [the Municipality] issued a construction permit without seeking endorsement of the construction plans from PREPA.” (Docket # 18, Third Party Complaint 1133). PREPA alleges that all of the third party defendants are directly liable to Plaintiff Carlos Rodriguez for the damages he claims from PREPA.
 

 On June 16,1999 the Municipality filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) on the grounds that: (1) this Court lacks subject matter jurisdiction over third party defendant, the Municipality of Ponce; (2) the third party complaint fails to state a claim upon which relief can be granted; and (3) the Municipality of Ponce enjoys sovereign immunity to suits or claims such as the one contained in the third party complaint. (Docket # 42, Municipality of Ponce’s Brief in Support of Motion to Dismiss, at p. 3).
 

 Regarding their first argument, lack of subject matter jurisdiction, the Municipality, alleges that this Court does not have jurisdiction because PREPA did not comply with Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4703, because it did not notify the Municipality of its potential liability within the ninety (90) days term specified by said law. In regards to their second and third grounds for dismissal, failure to state a claim and sovereign immunity, the Municipality states that it is not liable because a municipality may not be sued for the discretionary acts of its agents, employees or officials, even if there is an abuse of discretion. In support of this argument the
 
 *177
 
 Municipality cites Art. 15.005 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4704.
 

 On August 20, 1999 defendant and third party plaintiff PREPA filed an opposition to the Municipality of Ponce’s motion to dismiss. (Docket #49). In their opposition, PREPA argues that: (1) The ninety-day notice requirement was not violated in this case because PREPA’s cause of action against the Municipality did not accrue until discovery started in this case and Plaintiff produced the blueprints of the Centro Agrícola Building on January 15, 1999. PREPA filed the third party complaint on March 2,1999 and served process on the third party defendants on March 12, 1999. PREPA alleges that under the circumstances of this case, the third party complaint and the service of process in those dates complied with the ninety-day notice requirement of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4703. In addition, PREPA argues that the Municipality does not enjoy sovereign immunity under the Eleventh Amendment. Finally, PREPA argues that the actions of the Municipality’s agents in issuing a construction permit without PREPA’s prior approval of the blueprints are not discretionary actions within the meaning of Art. 15.005 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4704; therefore, the third party complaint should not be dismissed.
 

 II Analysis of Applicable Law
 

 A. Rule 12(b)(6) Standard
 

 In assessing whether dismissal for failure to state a claim is appropriate, “the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiffs favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.”
 
 LaChapelle v. Berkshire Life Ins. Co.,
 
 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). “[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957),
 
 quoted in Davis v. Monroe County Bd. of Education,
 
 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999).
 
 See also Correa-Martinez v. Arrillaga-Belendez,
 
 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted “only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory”).
 

 But “[ajlthough this standard is diaphanous, it is not a virtual mirage.”
 
 Berner v. Delahanty,
 
 129 F.3d 20, 25 (1st Cir.1997) (quoting
 
 Gooley v. Mobil Oil Corp.,
 
 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, “a complaint must set forth ‘factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.’ ”
 
 Id.
 
 In judging the sufficiency of a complaint, courts must “differentiate between well-pleaded facts, on the one hand, and ‘bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,’ on the other hand; the former must be credited, but the latter can safely be ignored.”
 
 LaChapelle,
 
 142 F.3d at 508 (quoting
 
 Aulson v. Blanchard,
 
 83 F.3d 1, 3 (1st Cir.1996)).
 
 See also Rogan v. Menino,
 
 175 F.3d 75, 77 (1st Cir.1999). Courts, moreover, “will not accept a complainant’s unsupported conclusions or interpretations of law.”
 
 Washington Legal Foundation v. Massachusetts Bar Foundation,
 
 993 F.2d 962, 971 (1st Cir.1993). Yet courts must bear in mind that apart from allegations of civil rights or RICO violations, fraud, mistake or standing, which are not implicated here, “it is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the
 
 *178
 
 defendant will be able to frame a responsive pleading.”
 
 Langadinos v. American Airlines, Inc.,
 
 199 F.3d 68, 72 (1st Cir. 2000) (quoting
 
 Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,
 
 958 F.2d 15, 17 (1st Cir.1992) (internal quotation, marks omitted)). In so doing, “a plaintiff can make allegations
 
 either
 
 on the basis of personal knowledge or on ‘information and belief.’ ”
 
 Id.
 
 at 73.
 

 While in ruling upon a motion to dismiss the court must ordinarily ignore matters outside the pleadings,
 
 see, e.g., Maldonado v. Dominguez,
 
 137 F.3d 1, 6 (1st Cir.1998) (in order to avoid conversion of a Rule 12(b)(6) motion into a Rule 56 motion, district court must ignore matters outside the pleadings);
 
 Rodriguez v. Fullerton Tires Corp.,
 
 115 F.3d 81, 83 (1st Cir.1997) (same);
 
 Vega-Rodriguez v. Puerto Rico Telephone Co.,
 
 110 F.3d 174, 177 (1st Cir.1997) (same), the court may consider any documents which are referred to in the nonmovant’s pleadings and which are central to his or her claim.
 
 Cf. Beddall v. State Street Bank and Trust Co.,
 
 137 F.3d 12, 17 (1st Cir.1998).
 

 B. Subject Matter Jurisdiction Under 21 L.P.R.A. § 4703
 

 Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4703, provides in the pertinent part that:
 

 Any person who has a claim of any kind against a municipality for personal or property damages due to the fault or negligence of the municipality shall so notify the Mayor, in writing, stating clearly and concisely the date, place, cause, and general nature of the damages suffered ...
 

 (a)
 
 Form and time period to serve notification.
 
 — ... Said written notification shall be presented to the Mayor within ninety (90) days of the date on which the claimant
 
 learned, of the damages
 
 claimed ...
 

 (b)
 
 Jurisdictional requirement.
 
 — No legal action of any kind shall be initiated against a municipality for damages due to negligence unless written notification is made in the form, manner and terms provided in this subtitle.
 

 In regards to this statute’s notice requirement, the Puerto Rico Supreme Court has stated that it is “a condition precedent of strict compliance in order to be able to sue [a] municipality.”
 
 Mangual v. Superior Court,
 
 88 P.R.R. 475, 483 (1963);
 
 Ortiz v. Municipal Government of Ponce,
 
 94 P.R.R. 449, 453 (1967);
 
 Lopez v. Autoridad De Carreteras,
 
 133 D.P.R. 243, 249, 1993 WL 839981 (1993). However, the notice requirement is not jurisdictional in the sense that it admits of certain exceptions.
 
 Passalacqua v. Municipality of San Juan,
 
 16 P.R.Offic.Trans. 756, 767; 116 D.P.R. 618 (1985). For example, the provision is not applicable to the municipality’s insurance company.
 
 Lopez,
 
 133 D.P.R. at 250, 1993 WL 839981,
 
 citing Garcia v. Northern Assurance Co.
 
 92 D.P.R. 245, 1965 WL 14310 (1965). In addition, it does not apply to actions against a municipality arising out of a contractual relationship,
 
 Lopez,
 
 133 D.P.R. at 250, 1993 WL 839981,
 
 citing Rosario Qui-nones v. Municipio De Ponce,
 
 92 D.P.R. 586, 1965 WL 14270 (1965), or to cases where the municipality is the plaintiff and the defendant files a counterclaim against it,
 
 Lopez,
 
 133 D.P.R. at 250, 1993 WL 839981,
 
 citing Insurance Co. of P.R. v. Ruiz,
 
 96 D.P.R. 175 (1968), or cases where the plaintiff is seeking just compensation in a civil expropriation case,
 
 Lopez,
 
 133 D.P.R. at 250, 1993 WL 839981,
 
 citing Diaz v. Municipio De Cayey,
 
 99 D.P.R. 196, 1970 WL 23767 (1970). In addition, in
 
 Passalacqua v. Mun. de San Juan,
 
 16 P.R.Offic.Trans. at 770, the Puerto Rico Supreme Court held that if the plaintiff files the complaint
 
 and
 
 serves process upon the municipality before the ninety-day notice requirement expires, no other notice is required because the purposes of the Act are satisfied by the service of process within the ninety days prescribed by the statute. Among the purposes of
 
 *179
 
 the notice requirement identified by the P.R. Supreme Court are the following:
 

 1) to give [the municipalities] an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the name of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget; and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party.
 

 Mangual v. Superior Court,
 
 88 P.R.R. at 478-479;
 
 Passalcqua,
 
 16 P.R.Offic.Trans. at 765.
 

 In
 
 Lopez v. Autoridad De Carreteras,
 
 133 D.P.R. 243, 251-252, 1993 WL 839981 (1993), the P.R. Supreme Court analyzed the above referenced caselaw and explained that in those cases the notice requirement was waived because the purposes of the statute were already served. However, the Supreme Court stated that these precedents in no way undermine the clear mandate of the Act.
 
 Lopez,
 
 133 D.P.R. at 252, 1993 WL 839981.
 

 In
 
 Lopez, supra,
 
 the plaintiff fell in a public road and sued in torts the Puerto Rico Highway Authority and the Puerto Rico Public Buildings Authority. Then, during the discovery stage, the plaintiff became aware that the Municipality of San Juan might be the entity responsible for the maintenance of the road in question. Plaintiff then notified the Municipality of San Juan of the claim — about six months after she fell in the road.
 

 In that case, the Puerto Rico Supreme Court upheld the Municipality of San Juan’s defense of lack of jurisdiction based on the provisions of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4703. In particular, the Supreme Court stated that the ninety days start counting from the moment that the plaintiff knew of the damages she had sustained, not from the moment that the plaintiff acquired knowledge of the specific identity of the party responsible.
 
 Lopez,
 
 133 D.P.R. at 255, 1993 WL 839981.
 

 In
 
 Lopez, supra,
 
 the plaintiff specifically argued that the ninety days should start counting from the moment that she became aware of the specific identity of the responsible party. In rejecting that argument, the Supreme Court expressly stated that the statute’s clear language indicates that the starting point is the moment “on which the claimant
 
 learned of the damages
 
 claimed”, 21 L.P.R.A. § 4703(a), and not the moment when he/ she learns of the identity of the responsible party.
 
 Lopez,
 
 133 D.P.R. at 255, 1993 WL 839981. In addition, the Supreme Court stated that the clear mandate of the statute could not be overturned by judicial interpretation in that instance.
 
 Lopez,
 
 133 D.P.R. at 255, 1993 WL 839981. Furthermore, the Supreme Court noted that the specific case it was deciding therein concerned a situation in which the plaintiff could have found out the identity of the specific party responsible before she filed the complaint. It was not a case where
 
 it was impossible to know
 
 the identity of the responsible party until discovery began.
 
 Lopez,
 
 133 D.P.R. at 256, 1993 WL 839981. Therefore, if the lack of knowledge was the consequence of a lack of diligence, the clear mandate of Art. 15.003 of the Autonomous Municipal Law, 21 L.P.R.A. § 4703, must be heeded.
 
 Lopez,
 
 133 D.P.R. at 256, 1993 WL 839981.
 

 In the case at bar, third party plaintiff PREPA claims that the third party complaint against the Municipality of Ponce should not be dismissed because PREPA did not know of the Municipality’s poten
 
 *180
 
 tial liability until discovery began. The pertinent facts before the Court show that PREPA was served with a copy of the complaint on June 15, 1998. (Docket # 2). The complaint alleges among other things, that prior to the accident in question, PREPA was requested to install protective shields to separate the high tension cables from the construction area. (Docket # 1, Complaint 11 e). In addition, the complaint alleges that on various occasions PREPA personnel inspected the work area and that PREPA was well aware of the problem with the high tension cables. (Docket # 1, Complaint til e, f). PREPA claims that Plaintiff produced through discovery a copy of the blueprints of the Centro Agrí-cola building on January 15, 1999, and that it was not until then that it became aware of the Municipality’s involvement with the facts of the case. Afterwards PREPA filed the third party complaint against the Municipality — on March 2, 1999, (Docket # 18), — and served process on the Municipality on March 12, 1999, (Docket #27).
 

 According to the Puerto Rico Supreme Court case law cited above, and the clear language of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703, the ninety-day notice period began to run when PREPA became aware of the damages sustained. That was the day it was served with a copy of the complaint, specifically on June 5, 1998.
 
 See Santiago v. U.S.,
 
 884 F.Supp. 45, 51 (D.P.R.1995) (Casellas, J). Thus, the third party complaint and service of process on the Municipality on March 2nd and 12th, 1999 respectively, do not comply with the requirements of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703.
 

 PREPA attempts to argue in this regard that the ninety-day notice period should begin to run after discovery started, when the building’s blueprints were produced and after it became aware that the Municipality might be jointly liable for the damages sustained by Plaintiff. However, the Court finds that the P.R. Supreme Court has refused to adopt this interpretation as the standard for counting the strict compliance period prescribed by Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703. Quite the opposite, the P.R. Supreme Court has adhered to the language of the statute requiring notice to the municipality within ninety .days of the party’s knowledge
 
 of the damage
 
 suffered.
 
 Lopez,
 
 133 D.P.R. at 255, 1993 WL 839981. The Puerto Rico Supreme Court hinted that it was willing to allow a departure from this standard only in cases where it was impossible for the party to know of the municipality’s potential liability.
 
 Lopez,
 
 133 D.P.R. at 256, 1993 WL 839981. The Court in this case finds that PREPA’s situation does not meet that strict test. As the Puerto Rico Supreme Court indicated, if the lack of knowledge arises out of a lack of diligence, the clear mandate of 21 L.P.R.A. § 4703(a), should be heeded.
 
 Lopez,
 
 133 D.P.R. at 256, 1993 WL 839981. Finally, the Court notes in support of its holding today, that all the cases that have dealt with this issue where the plaintiff,
 
 Lopez v. Autoridad De Carreteras,
 
 133 D.P.R. 243, 1993 WL 839981 (1993), or the third party plaintiff,
 
 Santiago v. U.S.,
 
 884 F.Supp. 45, 51 (D.P.R.1995), became aware through discovery of the municipalities’ potential liability, the courts did not allow the untimely notice based on the language and clear legislative intention of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703. Therefore, the Court holds that in the above-captioned case PREPA did not comply with the ninety-day notice requirement of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703. Accordingly, the third party defendant Municipality of Ponce’s motion to dismiss, (Docket # 40), is hereby GRANTED.
 

 Because the Court finds that PREPA did not comply with the requirements of Art. 15.003 of the Autonomous Municipality Law of Puerto Rico, 21 L.P.R.A. § 4703, and therefore that it’s cause of action
 
 *181
 
 against the Municipality did not accrue, it is unnecessary to reach and discuss the Municipality’s other arguments.
 

 For the above-stated reasons the third party complaint against the Municipality of Ponce is hereby DISMISSED. Judgment shall be entered accordingly.
 

 SO ORDERED.