**Sonia GARCIA by herself and on behalf of her minor child Edgar Joel Burgos, Plaintiff**

v.

**MUNICIPALITY OF OROCOVIS; ACE Insurance Company; John Doe, Robert Roe, Defendant**

**No. CIV.04–1120(JP).**

United States District Court, D. Puerto Rico.

Feb. 15, 2005.

Eric J. Berlingeri–Vincenti, Esq., De Corral & De Mier, San Juan, PR, for Plaintiff.

Francisco E. Colón–Ramírez, Esq., Colón, Colón & Martínez, San Juan, PR, Simone Cataldi–Malpica, Esq., Aldarondo & López Bras, Guaynabo, PR, José H. Vivas, Esq., Vivas & Vivas, Ponce, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

The Court has before it Defendant Municipality of Orocovis' "Motion to Dismiss" (**docket No. 12**) and Plaintiffs' opposition thereto (**docket No. 25**).

The present action is premised on an alleged motor vehicle accident which occurred on February 15, 2003 and resulted in the demise of Carlos Javier Burgos Santiago. Plaintiff Sonia García asserts a personal cause of action as a result of the death of Mr. Burgos Santiago. She is also suing on behalf of her minor son, Edgar Burgos, who is suing for the loss of his father and the loss of his father's companionship, love, comfort, care, protection, and financial support.

In its motion to dismiss, Defendant Municipality of Orocovis argues that co-Plaintiff Sonia García has no cause of action for wrongful death under Puerto Rico law. Defendant also argues that Sonia García's claim does not exceed $75,000.00, thereby failing to satisfy the jurisdictional requirement. Finally, Defendant alleges that co-Plaintiff Edgar Burgos is deemed a citizen of Puerto Rico, and therefore no diversity jurisdiction can be asserted over his claims. For the reasons stated below, the Court hereby **DENIES** Defendant's "Motion to Dismiss."

### II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N. A.,* 534 U.S. 506, at 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

### III. FACTUAL ALLEGATIONS

A. The road and bridge at Bajura Sector of Orocovis where the accident occurred are under the control and jurisdiction of the Municipality of Orocovis.

B. The Municipality of Orocovis removed the left side guardrails from north to south on the bridge located at Bajura Sector of Orocovis prior to February 15, 2003.

C. The Municipality of Orocovis had not installed new guardrails at the

bridge located at Bajura Sector of Orocovis by February 15, 2003.

D. There were no guardrails on the left side of the bridge located from north to south at Bajura Sector at the time of the accident.

E. There were no warning signs, traffic control devices, nor public illumination on the bridge located at Bajura and when the accident occurred.

F. The Municipality of Orocovis installed new guardrails at the bridge located at Sector Bajura, Orocovis, after February 15, 2003.

G. Mr. Carlos Javier Burgos died on February 15, 2003 after the vehicle he was driving fell into the Orocovis River.

H. The vehicle Carlos J. Burgos was driving was retrieved from the Orocovis river next to the bridge at Sector Bajura, Orocovis.

I. Carlos J. Burgos, 25 years old, died of asphyxia by submersion.

J. The parties accept as valid the conclusions of the autopsy report and toxicology report.

K. Co-plaintiff Edgar Joel Burgos, born on March 21, 1998, is the son of Carlos Javier Burgos and Sonia García.

L. Plaintiffs Sonia García and Edgar Joel Burgos live in Freehold, New Jersey, U.S.A.

M. Plaintiffs notified the Municipality of Orocovis of the occurrence of this accident with letter (dated May 14, 2003) notice, pursuant to Law 81 of August 30, 1991, 21 P.R. Laws Ann. § 403 (1991).

N. At the time of the accident, the decedent Mr. Burgos was intoxicated.

O. At the time of the accident, the decedent Mr. Burgos had a blood alcohol content of .21 percent.

P. According to the police report to be admitted into evidence, at the time of the accident, Mr. Burgos was not wearing his seatbelt.

Q. The motor vehicle driven by Mr. Burgos was a 1983 Toyota Tercel hatchback, with a manual transmission.

R. At the time of the accident, Mr. Burgos had been residing in Morovis.

S. Sonia García and Mr. Burgos were never married.

T. Sonia García was not living with Mr. Burgos at the time of the accident.

U. Sonia García's maiden name is Sonia Ramos.

V. At the time of the accident, Sonia García was married to another person.

W. At the time of the accident, Sonia García had not seen Mr. Burgos since June of 2001.

X. At the time of the accident, minor Edgar Joel Burgos had not seen Mr. Burgos since June of 2001.

Y. Co–Plaintiff Sonia García claims an amount of $1,000,000 in compensation for damages and mental anguish.

## IV. ANALYSIS

### A. Sonia García's Cause of Action for Wrongful Death

■ Defendant posits that because Plaintiff García was never married to the decedent, and was in fact still married to another man at the time of the accident, "hence she was not a 'concubine,' and was at most, an 'ex-concubine.'" Defendant argues that while the Puerto Rico Su-

preme Court recognizes a cause of action for wrongful death for various family members and has even recognized a claim by a concubine, it has never recognized one for an 'ex-concubine' such as Plaintiff García.

■ Puerto Rico case law has traditionally held that those related to a deceased victim by blood ties or by love and affection are deemed to suffer moral damages. Accordingly, and as the federal courts have recognized, they may file an independent cause of action against the person causing the unlawful death of a loved one. See, Rivera Concepcion v. Pepsi Cola of Puerto Rico, 288 F.Supp.2d 167 (D.Puerto Rico 2003) (Gierbolini, J.), citing Hernandez v. Fournier, 1957 WL 13027, 80 D.P.R. 93, 98 (1957); Figueroa v. Boston Ins. Co., 1973 WL 35626, 101 D.P.R. 598 (1973); Pacheco Otero v. Eastern Medical Ass., Inc., 1994 WL 909291, 135 D.P.R. 701, 706–07 (1994); Maldonado v. Banco Central Corp., 138 D.P.R. 268, 274–75 (1995). See also, Rojas–Hernandez v. PREPA, 925 F.2d 492, 493 n. 1 (1st Cir.1991).

Traditionally, the Puerto Rican courts have awarded moral damages to the parents, spouses, common-law spouses, ex-spouses, sons and daughters, and siblings of the deceased victim. See, Sanabria v. E.L.A., 132 D.P.R. 769, 772 (1993) (awarding moral damages to parents and brother of the victim); Miranda v. E.L.A., 1994 WL 908883, 137 D.P.R. 700, 707 (1994) (widow and sons); Pacheco v. A.F.F., 1982 WL 210650, 112 D.P.R. 296 (1982) (ex-wife); Correa v. P.R. Water Resources Auth., 83 P.R.R. 139 (1961) (holding that a concubine may file a tort action for the wrongful death of her companion provided she establishes a real prejudice derived from that death); Caez v. U.S. Casualty Co., 1958 WL 12231, 80 D.P.R. 754 (1958) (each child may claim compensation for the damages personally suffered by them as the result of the wrongful death of their

father); Castro v. Gonzalez, 1941 WL 8421, 58 D.P.R. 368 (P.R. March 28, 1941); Sanchez v. Sucn. Serralles, 53 D.P.R. 80, 1938 WL 7107 (P.R. April 20, 1995); Hance v. Mendez & Hnos., 1937 WL 5872, 52 D.P.R. 336 (P.R. Nov. 24, 1937) (awarding moral damages to parents for the loss of their minor children).

The common thread that ties the above-cited cases together is a broad recognition of the rights of loved ones to file a wrongful death action and recover for damages caused to them by the death of a loved one resulting from another's negligence. Defendant argues that Puerto Rican courts have traditionally limited wrongful death claims to those who were related to the decedent by blood or marriage, citing Velez Rodriguez v. Amaro Cora, 138 D.P.R. 182 (1995). Defendant's interpretation of the Puerto Rico Supreme Court's decision of that case is, in the Court's opinion, incorrect. In that case, the Puerto Rico Supreme Court upheld an award of damages to, among other plaintiffs, the decedent's ex-wife and his concubine (although the details and specifics of the relationship between those two parties and the decedent were not specified). See, Velez–Rodriguez, 138 D.P.R. at 195. In that same opinion, the Puerto Rico Supreme Court took the opportunity to reiterate its holding in Moa v. Ela, 100 D.P.R. 573 (1972), wherein they ruled that a claimant, in order to prove damages, must demonstrate that their pain is not just "a simple passing sorrow but, in an appreciable manner, [that] it has affected their health, wellness, and happiness." Moa v. Ela, 100 D.P.R. 573 at 587 (1972) (translation ours). As such, the Court cannot find in the available jurisprudence Defendant's claimed restriction on recovery to blood relatives and spouses.

The Court concludes, then, that a cause of action for wrongful death is open to

Plaintiff García. Whether she satisfies the requirements of it, however, is a separate question, and one the Court will not now address, as it is a fact-specific question more closely suited for a motion for summary judgment. To that end, the Court hereby **DENIES WITHOUT PREJU- DICE** Defendant's motion to dismiss on these grounds at this time. Defendant **MAY** raise this issue again in the context of a motion for summary judgment, to be accompanied by the appropriate documentation and specific citation to the relevant case law, and to be filed no later than the deadline **SET** by this Court for the filing of such motions, February 28, 2005.

## B. Amount in Controversy Requirement

 District courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000.00 and the dispute is between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2). The U.S. Supreme Court has historically interpreted § 1332's matter in controversy language to require that each plaintiff individually satisfy the amount in controversy. *See, Zahn v. International Paper Co.,* 414 U.S. 291, 294–95, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 335–338, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Plaintiffs bear the burden of showing that the actual amount in controversy exceeds the jurisdictional minimum. *See, Duchesne v. American Airlines, Inc.,* 758 F.2d 27, 28 (1st Cir.1985) (*citing Gibbs v. Buck,* 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939)).

Co–Plaintiff García claims $1,000,000 in damages for mental anguish and suffering. Defendant accurately points out that the clear language of 28 U.S.C. § 1332 requires that the amount in controversy *exceed* $75,000. Defendant argues that under section 15.004 of the Au-

tonomous Municipality Act ("Ley de Municipios Autónomos"), the Municipality's maximum liability in this case, should Plaintiffs prevail, is capped by statute at $75,000.00 for each cause of action, subject to an overall maximum of $150,000 for all causes of action of all Plaintiffs, and that therefore co-Plaintiff García's claims do not meet the jurisdictional requirement of an excess of $75,000.00. 21 P.R. Laws Ann. § 4704. While § 4704 does indeed impose that cap on damages, this argument is inapposite because ACE Insurance, Defendant Municipality of Orocovis' insurer, is also a named Defendant in this case, and it is a long-standing principle of Puerto Rico law that a municipality's insurer is not bound by the § 4704 cap. *See, Garcia v. Northern Assurance Co.,* 92 D.P.R. 245 (1965); *see also, Rodriguez–Robledo v. Puerto Rico Elec. Power Auth.,* 90 F.Supp.2d 175 (D.Puerto Rico 2000); *Llewellyn–Waters v. University of Puerto Rico,* 56 F.Supp.2d 159 (D.Puerto Rico 1999). This being the case, Plaintiff's claim clearly exceeds the $75,000 jurisdictional amount in controversy requirement, and the Court hereby **DENIES** dismissal under this argument.

## C. Co–Plaintiff Edgar Burgos's Citizenship

Defendant argued in his motion that Plaintiff Burgos, as a representative of his father's estate, was a citizen of Puerto Rico, thereby destroying complete diversity in this action. However, since the filing of Defendant's Motion to Dismiss, Plaintiffs have filed an amended complaint that does not state a claim by Plaintiff Burgos as inheritor of his father's estate. As Plaintiff Burgos is now representing only himself and has never lived in Puerto Rico, the Court hereby **DENIES AS MOOT** this argument.

## D. Non–Resident Bond

Defendant has requested, pursuant to Rule 65.2 of the Local Rules of the United States District Court for the District of Puerto Rico, that Plaintiffs post a non-resident bond. The Court hereby **GRANTS** that request. Plaintiffs **SHALL** post a non-resident bond in the amount of **TWO HUNDRED FIFTY DOLLARS** ($250.00) each, payable to the Clerk of the Court, and to be paid on or before March 11, 2005. Failure to pay in a timely manner **SHALL** result in appropriate sanctions up to and including dismissal of the action.

## V. CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss (**docket No. 12**) and **ORDERS** the posting of the non-resident bond described above.

**IT IS SO ORDERED.**