Marilyn **TALAVERA–IBARRONDO,** et als., Plaintiffs,

v.

**MUNICIPALITY OF SAN SEBASTIAN,** Defendant.

**Civil No. 09–1942 (FAB).**

United States District Court, D. Puerto Rico.

Oct. 31, 2012.

Carlos J. Jimenez–Torres, Juan M. Frontera–Suau, Ufret & Frontera Law Firm, San Juan, PR, for Plaintiffs.

Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Guaynabo, PR, Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On September 30, 2011, a jury returned a verdict for $3.6 million [1] in favor of plain-tiffs Marilyn Talavera–Ibarrondo and Esperenza Rosa, (collectively, "plaintiffs"), and against defendant Municipality of San Sebastian ("defendant Municipality"). (Docket Nos. 145 & 146.) Because the jury did not allocate the compensatory damages between plaintiffs' Title VII and Puerto Rico law claims pursuant to Law 69 [2] and Law 17,[3] the Court apportioned the award, per plaintiff, as follows: $1.00 in compensatory damages to the Title VII claim, and $449,999, the remainder of the compensatory award, to the Commonwealth of Puerto Rico claims. (Docket No. 166 at p. 27.) Pursuant to P.R. Laws Ann. tit. 29, §§ 1341(a)(1) and 155j, the Court then doubled the damages apportioned to the Commonwealth claims, for a total of $899,999 in compensatory damages per plaintiff. *Id.*

Before the Court is defendant Municipality's motion to alter and/or amend judgment of the damages award, pursuant to Fed.R.Civ.P. 59(e) ("Rule 59(e)"). (Docket No. 174.) In its motion, defendant Municipality requests a reduction in damages to $75,000 per plaintiff, for a total of $150,000. *Id.* Plaintiffs filed a response in opposition to defendant Municipality's motion on September 25, 2012. (Docket No. 176.) For the reasons stated below, the Court declines to reduce plaintiffs' damages award and **DENIES** defendant Municipality's motion.

---

**1.** The jury awarded plaintiffs $1.6 million in compensatory damages and $2 million in punitive damages.

**2.** Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29, §§ 1321–1341 ("Law 69") prohibits gender discrimination in employment settings.

**3.** Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29, §§ 155–155m ("Law 17") prohibits sexual harassment in employment and precludes an employer from "discriminat[ing] against a person with respect to his working conditions[ ] on account of his or her sex." Together, Law 69 and Law 17 overlap and are merely more specific prohibitions of the ban on "any employer discriminating against an employee because of her sex," pursuant to Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 ("Law 100")—Puerto Rico's general employment discrimination statute. *Figueroa Garcia v. Lilly Del Caribe, Inc.*, 490 F.Supp.2d 193, 212 (D.P.R.2007); *Rodriguez–Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 61 (1st Cir.2005).

## I. DISCUSSION

### A. Federal Rule of Civil Procedure 59(e) Standard

 Rule 59(e) governs a district court's discretion to alter or amend a judgment. To prevail on a Rule 59(e) motion, the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence." *Markel Am. Ins. Co. v. Diaz–Santiago*, 674 F.3d 21, 32 (1st Cir.2012) (internal citations omitted). Because the "motions are aimed at reconsideration, not initial consideration," *Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994), a party may not present new arguments on a Rule 59(e) motion "if such arguments could, and should, have been made before judgment issued." *Id.* (citing *ACA Fin. Guar. Corp. v. Advest,* *Inc.*, 512 F.3d 46, 55 (1st Cir.2008) (internal quotations omitted)).[4]

### B. Legal Analysis

 Defendant Municipality argues that the waiver of municipal sovereignty codified at P.R. Laws Ann. tit. 21, § 4704 ("section 4704"), and which allows suits against the municipality grounded in tort,[5] "caps the total allowable reward against the municipality at $150,000." (Docket No. 174 at p. 3.) It would have this Court believe that it is liable for only up to $75,000 per plaintiff by merely citing language from the Puerto Rico Civil Code, Supreme Court of Puerto Rico case law recounting the historical underpinnings of those statutes, Puerto Rico Court of Appeals cases in Spanish,[6] and federal case law recognizing the statutory cap in sec-

---

**4.** In its Rule 59(e) motion, defendant Municipality raises for the first time its argument that a statutory cap limits plaintiffs' damages for their Commonwealth claims. Defendant Municipality has offered no plausible reason for waiting until after the entry of judgment to object to the amounts claimed all along by plaintiffs. When it initially moved for an amendment of judgment on October 24, 2011, defendant Municipality pointed only to a statutory cap of $300,000 per plaintiff pursuant to 42 U.S.C. § 1981a(b)(3). (Docket No. 159 at pp. 27–33.) It failed to mention any statutory cap pursuant to P.R. Laws Ann. tit. 21, §§ 4704 and 4707 or P.R. Laws Ann. tit. 31, §§ 5141 and 5142, as it argues in its motion currently before the Court.

A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997). "Litigants cannot fiddle as Rome burns. A party who sits in silence, withholds potentially relevant information, ... and acquiesces in a particular choice of law does so at his peril." *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir.1994). Accordingly, the Court admonishes defendant

Municipality about its introduction of a new legal theory in its Rule 59(e) motion. In an abundance of caution, however, the Court addresses defendant Municipality's argument and denies that the cap applies in this case.

**5.** The provisions of Articles 1802 and 1803 of the Civil Code give rise to causes of action for damages caused by fault or negligence. P.R. Laws Ann. tit. 31, §§ 5141–5142.

**6.** Defendant Municipality's motion cites *Sanchez Gutierrez v. Valdes*, 2005 PR App. LEXIS 3903 (P.R. Cir.App.Ct.2005); *Pacheco v. ELA*, 2001 PR App. LEXIS 1493 (P.R. Cir.App.Ct. 2001); and *Morales v. Municipio de Vega Baja*, 2005 PR App. LEXIS 3327 (P.R. Cir. App.Ct.2005), cases written in the Spanish language. "Where a party makes a motion ... based on a decision that was written in a foreign language, the party must provide the district court with and put into the record an English translation of the decision." *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir.2008). Moreover, Local Rule 5(g) requires all documents not in the English language that are presented or filed to be accompanied by a certified translation into English. D.P.R. Civ. R. 5(g). In light of the defendants' failure to provide those translations, the Court will not consider the cases in its analysis. *See Dalmau*, 544 F.3d at 67.

tion 4704. It fails to cite any statutes, case law, or other legal support, however, demonstrating that Law 69 and Law 17 are subject to the damages cap in section 4704. A litigant has an obligation "to spell out its arguments squarely and distinctly." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.... Judges are not expected to be mindreaders." *Id.* (internal quotations and citations omitted).

Defendant Municipality appears to contend that the cap of $75,000 per plaintiff in section 4704 applies to each of plaintiffs' Law 17 and Law 69 claims merely because it is a municipality. Its argument is unavailing, however, because neither statutory language nor case law supports defendant Municipality's proposition that section 4704 limits the double damages sections of Law 69 or Law 17.

### 1. Language Contained in Puerto Rico Law 69 and Law 17

To determine whether it must limit plaintiffs' damages against defendant Municipality, the Court first turns to the language contained in the provisions of Law 69 and Law 17.

Law 69 prohibits gender discrimination in employment contexts, and its sections 1321, 1322, and 1341 provide the public policy behind the law, the definitions of terms used throughout the law, and penalties for violating the law, respectively. Section 1321 "declares that the values of equality and freedom expressed in the Constitution of the Commonwealth of Puerto Rico are the keystone of Puerto Rican society" and sets forth the Legislature's intention of "guarantee[ing] the equal right to employment of men as well as of women." P.R. Laws Ann. tit. 29,

§ 1321. It also explicitly states the Legislature's intention, in passing the chapter, of "prohibiting the actions of those who promote discrimination, fixing responsibilities, and imposing penalties." *Id.*

In section 1322, the Legislature provides explicit definitions for terms used in the chapter. It defines "employer" as: "**any natural or juridical person** that employs laborers, workers or employees, and the chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural or juridical person." P.R. Laws Ann. tit. 29, § 1322 (emphasis added). The Legislature further defines "person" to include natural or juridical persons; **governments; and government agencies.** *Id.* (emphasis added). Section 1341 contains the civil and criminal liabilities for violations of the chapter, stating in pertinent part: "**Any person, employer, and labor union, as they are defined herein,** who is guilty of anything prohibited by this chapter: (a) Shall incur civil liability: (1) For a sum equal to twice the amount of damages said action caused the employee...." P.R. Laws Ann. tit. 29, § 1341 (emphasis added). The Legislature did not limit those civil damage awards based on a classification of the type of employer committing the discrimination.

Similar to Law 69, Law 17 seeks to protect employees' rights. It declares the public policy behind the law, describing sexual harassment in employment as a type of sexual discrimination that constitutes an illegal and undesirable practice contrary to the "established constitutional principle that the dignity of a human being is inviolable." P.R. Laws Ann. tit. 29, § 155. Section 155a contains the definitions for the terms used throughout Law 17 and defines "employer" as:

Any natural or juridical person of any kind, **the Government of the Common-**

wealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its municipal instrumentalities or corporations which employ persons for any kind of compensation, for profit or non-profit purposes, and their agents and supervisors. It also includes labor unions and other organizations, groups or associations in which employees participate for the purpose of negotiating the terms and conditions of their employment with the employers, as well as employment agencies. P.R. Laws Ann. tit. 29, § 155a (emphasis added).

The Puerto Rico Legislature, in passing Law 17, intended "to prohibit sexual harassment in employment, [and] to impose responsibilities and fix penalties." P.R. Laws Ann. tit. 29, § 155. Section 155j annunciates those penalties: "**Any person** responsible for sexual harassment in employment as defined by §§ 155–155m of this title shall incur civil liability: (1) For a sum equal to double the amount of the damages that the action has caused the employee or job applicant." P.R. Laws Ann. tit. 29, § 155j (emphasis added). The section makes no allusion to any limitation on the damages based on the type of employer engaging in the discrimination. Law 17 does contain a section defining "limitations" for the chapter in section 155m, but that too fails to carve out any exception based on the type of employer, let alone for municipality employers.[7]

■ Given the definitions of "employer" in Law 69 and Law 17, and the lack of any explicit directive to limit the double damages penalties in Law 69 and Law 17, the Court declines to limit plaintiffs' damages to $150,000. Pursuant to Law 69, the term

"employer" encapsulates the Government of Puerto Rico and its agencies through the Legislature's use and definition of the term "person." Similarly, the term "employer" in Law 17 unequivocally includes the municipal governments of the Commonwealth of Puerto Rico. Moreover, neither of the penalty sections in Law 69 and Law 17 limits the double damages provisions based on a classification of the type of employer committing discrimination. Instead, Law 17 and Law 69 impose double damages on *all* employers who intentionally discriminate against their employees, whether or not the employer is a private or public entity. *See Rodriguez Torres v. Caribbean Forms Mfr.*, 286 F.Supp.2d 209, 220 (D.P.R.2003).

Plaintiffs succeeded on their Law 69 and Law 17 claims by establishing that defendants intentionally discriminated against them on the basis of their gender. Without any explicit language excluding certain employers from the double damages provisions of section 155j of Law 17 and section 1341(a)(1) of Law 69, the Court cannot agree that it must limit each plaintiff's award in this case to $75,000 simply because the defendant is a municipality. Accordingly, the doubling of the damages award allocated to plaintiffs' Commonwealth claims was warranted.

### 2. Case Law

In interpreting Law 17, the First Circuit Court of Appeals has expressly permitted the doubling of damages against a Commonwealth of Puerto Rico municipality. In *Valentin–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85 (1st Cir.2006), the First Circuit Court of Appeals upheld a jury award for compensatory damages against a municipality of Puerto Rico that

---

7. The limitation set forth in section 155m deals with the term to file a suit based on

violations of §§ 155–155m.

was well in excess of $75,000 per plaintiff. In *Valentin–Almeyda*, the Municipality of Aguadilla, Puerto Rico and one of its police officers appealed jury awards against them and in favor of a single plaintiff that totaled approximately $1 million. *Id.* at 88. Pursuant to Law 17, the jury awarded the plaintiff $250,000 in compensatory damages for her claims for sexual harassment and retaliation against the Municipality of Aguadilla, and the district court doubled the damages on the Law 17 claims. *Id.* at 93. In affirming the judgment and explaining why the compensatory damages award was not excessive, the First Circuit Court of Appeals recognized, "to the extent damages are properly awarded under Law 17, they are subject to mandatory doubling." *Id.* at 102. In 2009, the First Circuit Court of Appeals reaffirmed *Valentin–Almeyda* by citing it among many other cases to demonstrate appropriate compensatory damage awards pursuant to Law 69 and Law 17. *See Monteagudo v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico*, 554 F.3d 164, 175 (1st Cir.2009). It is clear from case law that Law 69 and Law 17's provisions mandate the doubling of damages. *See, e.g., Rodriguez–Torres*, 399 F.3d at 66 (citing *Campos–Orrego v. Rivera*, 175 F.3d 89, 96 (1st Cir.1999)). Because the doubling of damages is compensatory in nature—not punitive—it demonstrates Puerto Rico's "prerogative to provide greater remedies for employment discrimination than those Congress afforded under Title VII." *Rodriguez–Torres*, 399 F.3d at 66.

Finally, the cases which defendant Municipality fleetingly cites [8] are inapposite to the employment discrimination context. They address sovereign immunity and a statutory cap for damages against municipalities under claims for wrongful death, negligence, and breach of contract. Not one case even mentions gender discrimination or sexual harassment claims pursuant to Law 17 or Law 69, let alone applies a statutory cap pursuant to section 4704 on damages for an employment discrimination claim. Accordingly, the Court declines to take the leap from those cases to the conclusion that a statutory cap in section 4704 ought to limit plaintiffs' recovery for their Law 69 and Law 17 claims.

## II. CONCLUSION

Because nothing in the language of Law 69 or Law 17 or in First Circuit case law indicates that section 4704 limits a plaintiff's recovery pursuant to Law 69 or Law 17, the Court rejects defendant Municipality's proposal to amend plaintiffs' recovery to $150,000. Accordingly, the Court **DENIES** defendant Municipality's motion to amend judgment pursuant to Rule 59(e).

**IT IS SO ORDERED.**

---

8. Defendant cites *Defendini Collazo v. Commonwealth of P.R.*, 134 D.P.R. 28 (1993); *Fresenius Med. Care Cardiovascular Reso. Inc. v. Puerto Rico*, 322 F.3d 56 (1st Cir.2003); *Hernandez Escalante v. Municipality of Cayey*, 967 F.Supp. 47 (D.P.R.1997) (Laffitte, J.); *Mintatos v. Municipality of San Juan*, 322 F.Supp.2d 143 (D.P.R.2004) (Cerezo, J.); *Vega–Torres v. Municipality of Arecibo*, 2004 WL 1202731, 2004 U.S. Dist. LEXIS 10345 (D.P.R.2004) (Velez–Rive, J.); *Garcia v. Municipality of Orocovis*, 356 F.Supp.2d 87 (D.P.R.2005) (Pieras, J.).